IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *

FRANCIS AKINRO,               *

      Plaintiff,              *

         v.                   *      CIVIL NO.:  WDQ-10-1268

MARYLAND TRANSIT              *
ADMINISTRATION, *et al.*,
                              *

      Defendants.             *

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

On May 17, 2010, Francis Akinro,[1] *pro se*, sued the Maryland

Transit Administration[2] and moved for leave to proceed *in forma*

*pauperis*.[3]  Paper Nos. 1 & 2.  The complaint alleges a "plot by

MTA bus driver to kill [Akinro] and the people in proposed

---

[1]  Akinro claims to be "U.S. Solicitor General," "Assistant
Attorney General," and a "Professor."  *See* Compl. 3-4, Ex. 1 at
1.

[2]  The arrest warrant attached to the Complaint names over 50
individuals--including a federal court judge, "Mrs. Barbara
Bush," and several Nigerian citizens.  See Compl., Ex. 3.

[3]  Akinro states that he (1) receives $3,063 per month in
retirement income, (2) has been employed by the U.S. Department
of Justice since July 2009, and (3) has about $200,000 in the
bank.  Paper No. 2 at 2.  Although Akinro's indigency
application contains questionable information, the Court will
grant him leave to proceed *in forma pauperis*.

order." Compl. 2.[4]  As relief, Akinro seeks (1) "ninety hundred

and ninety seven thousand trillion[] dollar[s]" in damages, and

(2) sentences of life imprisonment for the individual

defendants.  *Id*. at 4.  An arrest warrant is attached to the

Complaint, which invokes the Federal Rules of Criminal Procedure

and the "California Penal Code."  *Id*. at Ex. 3.

Prior to the service of process, federal courts may dismiss

*sua sponte* claims filed *in forma pauperis* "if satisfied that the

action is frivolous or malicious."  *Neitzke v. Williams*, 490

U.S. 319, 324 (1989); *see also* 28 U.S.C. § 1915(e)(2).[5]

Factually baseless lawsuits include those "describing fantastic

or delusional scenarios, with which federal district judges are

all too familiar."  *Id*. at 328.

Even giving the Complaint and its attachments a generous

construction, the Court finds no basis to permit the action to

continue or to allow supplementation.[6]  The Complaint is replete

---

[4]  An attached statement further alleges threats to Akinro's life
by (1) an MTA bus driver; (2) people "in every state, federal,
and international court including United Nations which I summon
in year 2001 when their killing for meat to United States is
centered on my family;" and (3) MTA policemen who "appear[ed]
from underground as [he] was ent[ering] a clothing store inside
the gathering to kill [him]."  *Id*. at 3.

[5]  *See also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran
v. Morris*, 73 F.3d 1310, 1314 (4th Cir. 1996); *Nasim v. Warden*,
64 F.3d 951, 954-55 (4th Cir. 1995).

[6]  In his civil cover sheet, Akinro alleges "genocide by MTA
driver and policemen at Route 35 and Mandawmin Mill in violation

with fanciful and delusional allegations.  Accordingly, it shall

be dismissed under 28 U.S.C. § 1915(e)(2).


May 27, 2010                          _____/s/_____
Date                                  William D. Quarles, Jr.
                                      United States District Judge

---

of 18 U.S.C. § 50a punishable under section 228."  Compl., Ex.
4.  This Code section does not exist.